# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

## ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKIN ∆
MARY ELLEN TULLY +
BARRY J. ROY* ▯
LAURA E. QUINN*
JOHN J. HARMON*

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100 • FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

\* MEMBER NJ & NY BARS
∆ MEMBER NJ & GA BARS
+ MEMBER NJ & PA BARS
▯ MEMBER MA BAR

Client No. 742-001

April 15, 2011

<u>Via Telecopy (973) 645-3841 (With Permission)</u>

Honorable Claire C. Cecchi
U.S. Magistrate Judge
United States District Court
2064 Martin Luther King, Jr. Federal Building
 & Courthouse
50 Walnut Street
Newark, NJ 07102

**ORDER ON ORAL MOTION**

Re:   Virtual Studios, Inc. v. Couristan, Inc.
       Civ. Action No. 11-00427-JLL-CCC

Dear Judge Cecchi:

We serve as local counsel to Couristan, Inc. ("Couristan"), defendant in the above-referenced litigation. Couristan's primary counsel is Robert S. Weisbein, Esq. of Foley & Lardner LLP, whose application for admission *pro hac vice* is document number 10 on the docket.

Please accept this letter as Couristan's formal request that it be provided with leave of Court to file a motion to dismiss in lieu of an answer, as its first response to the Complaint of Virtual Studios, Inc. ("Virtual"). We note that as set forth in Your Honor's February 4, 2011, correspondence to Virtual's counsel, no motion, including a motion to dismiss, is to be filed without leave of Court. We believe the published portion of Your Honor's Survey of Judicial Officers in the Standing Order section, which provides if a party wishes to make a motion, he or she should set forth the grounds in a letter to the Court, authorizes the within letter request under L.Civ.R. 7.1(b)(1).

Virtual's complaint is a two count complaint seeking relief for an alleged copyright infringement in count one, and breach of contract in count two. Because the breach of contract

Fax: Apr 15 2011 10:40am P002/003

Honorable Claire C. Cecchi
April 15, 2011
Page 2

claim includes no elements that make it qualitatively different from the copyright infringement claim, Couristan submits that the breach of contract claim is preempted. See, e.g., Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552, 563-64 (D.N.J. 2002), and other citations of authority that will be presented in the anticipated memorandum in support of the motion to dismiss.

Couristan respectfully submits that providing it leave of Court to file the requested motion to dismiss will streamline the litigation and narrow the scope of discovery.

Moreover, Couristan notes that Mr. Weisbein previously requested that Virtual voluntarily dismiss its breach of contract claim because it is preempted, which request was denied without substantive response. See that e-mail exchange between Mr. Weisbein and Frank E. Catalina, Esq. enclosed herein.

While Couristan is obtaining the "breathing room" extension of time to answer or otherwise respond from the Clerk of the Court pursuant to L.Civ.R. 6.1(b), it is respectfully requested that Your Honor's response to Couristan's request be provided as soon as possible, so that the requested motion to dismiss can be filed timely as a first responsive pleading.

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, L.L.C.

Jay L. Lubetkin

JLL:ykp
Enclosure

cc: Robert S. Weisbein Esq. (w/encl.) (via e-mail rweisbein@foley.com and first-class mail)
    Frank E. Catalina, Esq. (w/encl.) (via e-mail fec@mwhlawfirm.com and first-class mail)

F:\Client_Files\A-M\Couristan\Correspondence\Judge Cecchi.doc

Defendant's request for leave to file a motion to dismiss in lieu of answer is hereby granted.

SO ORDERED

s/Claire C. Cecchi
Claire C. Cecchi, U.S.M.J.

Date: April 19, 2011