**MARGULIES WIND, PA**
Harborside Financial Center
Plaza 10, 3 Second Street, Suite 1201
Jersey City, New Jersey 07311-3988
(201) 333-0400   (201) 333-1110/fax
e-mail: fec@mwhlawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRTUAL STUDIOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> COURISTAN, INC., <br><br> Defendant. | Civ. Action No.: 11-00427-SLL-CCC <br><br> Hearing Date: May 16, 2011 |

**BRIEF BY PLAINTIFF, VIRTUAL STUDIOS, INC., IN OPPOSITION TO MOTION TO DISMISS COUNT II OF COMPLAINT UNDER *RULE* 12(b)(6)**

MARGULIES WIND, P.A.
A Professional Corporation
Attorneys for Plaintiff,
Virtual Studios, Inc.

Dated: May 2, 2011

On the Brief:
Frank E. Catalina, Esq. (FEC1986)

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF CASES AND AUTHORITIES .................................... i

RESPONSE TO PRELIMINARY STATEMENT ............................... 1

COUNTER-STATEMENT OF PLEADED FACTS .............................. 1

LEGAL ARGUMENT:

    COUNT II SHOULD NOT BE DISMISSED AS PREEMPTED ON
    ITS FACE UNDER *RULE* 12 (b) (6) ................................ 2

CONCLUSION ......................................................... 8

# TABLE OF CASES AND AUTHORITIES

**CASES:**                                                      **PAGE NO.**

*ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir. 1994) ............... 6

*Boring v. Google, Inc.* 362 Fed. Appx. 273 (3d Cir. 2010) ........... 2

*CNA v. U.S.*, 535 F.3d 132 (3d Cir. 2008) ........................... 2

*Mortgage Market Guide, LLC vs. Freedman Report, LLC,*
W.L. 2991570 (D.N.J. 2008) ........................................ 4, 5

*Melo-Sonics, Corp. v. Cropp*, 349 F.2d 856 (3d. Cir. 1965) .......... 2

*SBK Catalogue Partnership v. Orion Pictures Corp.*, 723 F. Supp. 1053 (D.N.J. 1989) ....... 3

*Toll Bros., Inc. v. Township of Readington*, 551 F.3d 131 (3d Cir. 2009) ................ 2

*Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.,*
210 F.Supp. 552 (D.N.J. 2989) ..................................... 3, 4, 5

*Wellness Pub. v. Barefoot*, 2008 W.L. 10889 (D.N.J. 2008) ........... 3

**RULES:**

*Rule* 12 (b)(6) .................................................... 2, 3, 4, 5, 6, 7

**STATUTES:**

17 *U.S.C.* 106 .................................................. 4

17 *U.S.C.* 301 .................................................. 4

*N.J.S.A.* 12A:8-319(a) ........................................... 6

## RESPONSE TO PRELIMINARY STATEMENT

Defendant Couristan, Inc., in its memorandum in support of its motion to dismiss, makes numerous factual assertions about what the terms of the bargain in fact were between the parties. These assertions comprise matters outside of the four corners of the complaint and many of them are vigorously contested by the plaintiff.

In addition, these assertions are not made in the form of a sworn affidavit signed by someone familiar, firsthand, with the matters stated.

Accordingly, the matters asserted in defendant's preliminary statement are neither helpful nor an appropriate basis on which the Court should rely in rendering its decision on the pending motion.

## COUNTER-STATEMENT OF PLEADED FACTS

Although defendant's statement of pleaded facts is accurate as far as it goes, it omits certain allegations in the complaint that are relevant to the current motion.

For example, paragraphs 10 and 11 of the complaint, after referring to the language on the reverse of plaintiff's invoices, allege as follows:

> 10. Defendant Couristan was actually aware of the foregoing language in the invoices submitted to it by ...Virtual, at all times relevant hereto, and actually assented to the cited terms and conditions.
>
> 11. As *an additional term of the agreement between the parties* respecting the use by Couristan of Virtual's images, Couristan agreed that *Virtual had the sole and exclusive right to manipulate the room scene images* by imposing their various images of rugs and carpeting products manufactured by Couristan. (Emphasis added)

## **LEGAL ARGUMENT**

### COUNT II OF THE COMPLAINT SHOULD NOT BE DISMISSED ON ITS FACE UNDER *RULE* 12 (b)(6)

Defendant has filed a motion seeking a dismissal of Count II of the Complaint, asserting a claim of breach of contract, under *Rule* 12 (b)(6). The rule allows a defendant to seek a dismissal of a complaint when, on its face, it fails to set forth a cause of action.

A court confronted with a motion to dismiss under the rule must accept as true all of the factual allegations of the complaint and must draw all reasonable inferences in favor of the non-movant. *Boring v. Google, Inc.* 362 Fed. Appx. 273 (3d Cir. 2010), cert. den. 1315 *Sup. Ct.* 150, 178 L.Ed. 2d 38 (2010); *Toll Bros., Inc. v. Township of Readington*, 555 F. 3d 131 (3d Cir. 2009).

A motion to dismiss should only be granted if it appears to a certainty that the plaintiff "would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." *Melo-Sonics, Corp. v. Cropp*, 349 F.2d 856, 857 (3d. Cir. 1965).

In deciding a motion to dismiss under *Rule* 12 (b)(6) the court may not consider matters outside of the pleadings. *CNA v. U.S.*, 535 F.3d 132, 140 (3d Cir. 2008). Accordingly, statements in defendant's memorandum concerning its version of the merits of the case or the terms of the contract between the parties should not be considered.

In support of its assertion that plaintiff's contract claim is preempted, defendant cites essentially three cases, none of which resulted in a dismissal of a contract claim under 12(b)(6) because of a preemption.

2

The first is *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d. 552 (D.N.J. 2002). In that case the plaintiff filed a preemptive action for a declaratory judgment that its use of defendant's copyrighted videotaped materials did not constitute infringement. The defendant counterclaimed, claiming infringement and asserting various other claims, including breach of contract, conversion and replevin. Upon the filing of a 12(b)(6) motion, the district court dismissed the unjust enrichment claim but declined to dismiss the claims for breach of contract, conversion and replevin as preempted. The court specifically found that the counterclaim defendant had violated its contract with the counter claimant by displaying the latter's proprietary material on its website and linking third party websites to its own, allowing it to distribute the defendant's film clip previews. This conduct was allegedly disallowed under the contract between the parties and the court decided that the promises to refrain from such activity amounted to "more than promises to refrain from reproducing, performing, distributing or displaying the work at issue..." 210 F. Supp. 2d at 566.

The second case cited by defendants is *SBK Catalogue Partnership v. Orion Pictures Corp.*; 723 F. Supp. 1053 (D.N.J. 1989). As with *Video Pipeline, supra*, that case also did not result in a finding that a contract claim, or any of the parties' state law claims were preempted by copyright. In *SBK*, there was no 12(b)(6) motion, but rather a series of cross-summary judgment motions addressed to various claims. Even though the parties sought summary judgment and presumably had engaged in extensive discovery, the court could not, in the absence of "a more fully developed factual record" determine whether some of the state law claims asserted by the plaintiff were preempted. 723 F. Supp. 2d at 1067.

The third case cited by defendant is an unreported district court case: *Wellness Pub. v. Barefoot*, 2008 W.L. 10889 (D.N.J. 2008). In that case, once again the court, although confronted with

3

a 12(b)(6) motion seeking preemption of plaintiff's non-copyright claim denied that relief, dismissing plaintiff's tortious interference claim instead on the merits. *Id.* at *18.

It appears that all three cases have been cited for the purpose of expounding the abstract standard for preemption, not for any specific application to the case at bar.

The one federal case from this district resulting in preemption defendant cited is the unreported case of *Mortgage Market Guide, LLC vs. Freedman Report, LLC*, 2008 *W.L.* 2991570 (D.N.J. 2008). In that case the court decided, not in response to a 12(b)(6) motion, but only after a "fifteen day bench trial" that the plaintiff's contract claim was preempted by copyright. *Id.* at *1. In rendering its decision the court pointed out that:

> The question of whether breach of contract actions are preempted by Section 301 of the Copyright Act is unsettled. Indeed most courts to examine this issue have found that the Copyright Act does not preempt contractual constraints on copyrighted articles. *Id.* at *38.

Notwithstanding the court's decision in *Mortgage Market Guide,* its observation was correct. To this date plaintiff is unaware of any decision in the Third Circuit which has upheld preemption of a contract claim because of § 301 of the Copyright Act. Nevertheless, the court deemed that preemption was appropriate upon a reading of the contract of the parties which forbade the defendants to "upload, post, publish, transmit, reproduce, distribute or in any way exploit any information, software or other material obtained through the Service for commercial purposes (other than as is expressly permitted by the provider such information, software or other material). *Id.* at *39. The court determined that "these are the same rights protected in Section 106 of the Copyright Act, namely: reproduction and

4

distribution." *Id.* at *39. ¹It should be noted that the court arrived at this conclusion only after a plenary trial and not pursuant to a motion directed to the pleadings under 12(b)(6) or even a summary judgment motion subsequent to completion of discovery.

In *Mortgage Market Guide,* as can be seen above, the court noted that most courts have been reluctant to preempt contract claims brought in actions also asserting breach of copyright. This observation was also made in the main case cited by defendant; i.e., *Video Pipeline, supra.* See e.g., cases cited at 210 *F. Supp. 2d.* 566-7.

Plaintiff contends that defendant's 12(b)(6) motion is premature in that it has been filed before defendant has even been required to respond to the factual allegations of the complaint with respect to the contract between the parties as well as the facts relevant to the claim of infringement of copyright. As has been indicated above in this brief there appears to be a distinct difference between the plaintiff's version of the terms of the parties' agreement and defendant's as defendant has asserted in its Preliminary Statement matters that are vigorously contested by the plaintiff. The defendant has not been required at this point to answer the complaint nor has any discovery determined the degree to which and the methods through which defendant used, exploited and benefitted from plaintiff's copyrighted images.

Furthermore, also as pointed out above defendant failed to include in its Statement of Pleaded Facts the matters asserted in paragraph 11 of the complaint.

---

¹It is difficult to reconcile this decision by the court with that of the court in the reported decision in *Video Pipeline, supra,* where the court found virtually identical rights under the contract there not to be protected under the Copyright Act.

That paragraph alleges that an additional term of the parties' contract was that Couristan agreed that Virtual had the sole and exclusive right to manipulate room scene images to Couristan's custom and order. At trial plaintiff will offer proof that the agreement between the parties consisted of two parts. The first was the rental payment for the use of the copyrighted images for a period of one year. The second part of the agreement with respect to each image was that Virtual would create a customized room scene by placing Couristan's product in each scene to its order, that Virtual had the exclusive right to perform this service for Couristan and that Couristan paid a separate and different fee for that service over and above the yearly rental. Virtual believes that Couristan took images that were supplied to it and, either on its own, or through some other entity or agency, made customized modifications to them thereby violating the exclusive right that had to been granted by contract to Virtual to do that work and to receive payment therefor.

The matters asserted in paragraph 11 of the complaint involve contract rights outside of and different from those implicated in copyright. Plaintiff should have a right to develop that cause of action, to conduct discovery and to attempt to prove its case separate and apart from its claim for contract infringement. In the case of *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir.1994) the Circuit Court of Appeals reversed the New Jersey district court's decision to dismiss a complaint on a *Rule* 12(b)(6) motion on the ground that the dismissal had been premature, occurring before the defendant was required to respond to the allegations in the complaint. In that particular case plaintiff had brought suit on an alleged agreement for the purchase of securities. Such agreements are governed by Article 8 of the Uniform Commercial Code, particularly § 8-319(a). That section constitutes a statute of frauds requiring that a writing exist evidencing the agreement and sets forth the minimal requirements for the writing. The defendant filed its motion to dismiss on the ground that the writing produced by the plaintiff was insufficient under that section of the UCC. The district court agreed and dismissed

6

the complaint. The Circuit Court of Appeals also agreed that the writing was insufficient but noted that an oral agreement could be enforced under the provisions of Article 8 if the party against whom enforcement was sought admitted, in its pleadings or otherwise, that an agreement in fact existed. Consequently, the Court of Appeals reversed the dismissal as premature because the defendant had not as yet had an opportunity in its pleadings to admit or deny the existence of an agreement, whether written or not.

In the case at bar, plaintiff has asserted, *inter alia*, that it had an agreement with the defendant for the exclusive right to create customized room scenes for Courtisan based on its copyrighted images. Plaintiff contends and intends to prove that custom room scenes were created without its knowledge or participation whether by Couristan or by others working for Couristan. Plaintiff contends that this violates a provision of the agreement between the parties which is not based on the rights protected by the Copyright Act. Defendant has never pled in response to any of the allegations of the complaint, including those contained in paragraph 11. For that reason, defendant's motion is premature and should be denied.

## CONCLUSION

For the reasons set forth above it is respectfully submitted that the court should deny defendant's motion to dismiss under *Rule* 12(b)(6).

MARGULIES WIND, P.A.<br>
A Professional Corporation<br>
Attorneys for Plaintiff Virtual Studios, Inc.<br><br>
_____<br>
By: Frank E. Catalina, Esq.

Dated: May 2, 2011

7