**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRTUAL STUDIOS, | Civil Action No.: 11-427 (JLL) |
| Plaintiff, | |
| v. | |
| COURISTAN, INC., | **OPINION** |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on a motion to dismiss Plaintiff's Complaint filed by Defendant Couristan, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion and decides the matter without oral argument. Fed. R. Civ. P. 78. This motion is returnable today. Based on the reasons that follow, Defendant's motion to dismiss Plaintiff's breach of contract claim on the basis of copyright preemption is denied without prejudice.

## BACKGROUND

Plaintiff, Virtual Studios, Inc. ("Virtual"), provides services within the graphic arts industry. (Compl., ¶ 3). Virtual has developed a software program that allows the manipulation of digital room scenes created by Virtual so as to display particular carpet and rug products in its manufacturer's sales, advertising and marketing materials. (Compl., ¶ 4).

1

Virtual and Defendant, Couristan Industries, Inc. ("Couristan"), began doing business together in 2002. (Compl., ¶ 6). Under the terms of their agreement, Couristan would select certain room scenes and would provide Virtual with samples of its products which would then be photographed; Virtual would then digitally manipulate the images of those products onto the images of its room scenes which could then be used by Couristan for purposes of advertising, sales and marketing and could be placed on various websites utilized by Couristan. (Compl., ¶ 7). The terms of their agreement included, inter alia, certain "Terms and Conditions" contained on the reverse side of all invoices submitted by Virtual to Couristan, including but not limited to the following: "Virtual Studios will provide its Client with the unlimited use of all photographs for a period of 1 year from the day of completion and payment of services as stated below." (Compl., ¶ 9). Couristan assented to the foregoing "Terms and Conditions." (Compl., ¶ 10). As an additional term of the agreement between the parties, Couristan agreed that Virtual had the sole and exclusive right to manipulate the room scene images by imposing thereon various images of rugs and carpeting products manufactured by Couristan. (Compl., ¶ 11).

Couristan stopped doing business with Virtual in 2007. (Compl., ¶ 12). Shortly thereafter, Virtual discovered that Couristan had continued (and continues) to use the images generated by Visual pursuant to the parties' agreement. (Compl., ¶ 13). Couristan has refused to compensate Virtual for use of such images beyond the one year limitation provided for in the "Terms and Conditions." (Compl., ¶ 14). In addition, Virtual discovered that, at some point in or around 2009, Couristan had, on its own initiative and without Virtual's knowledge or consent, undertaken to superimpose its own images onto the room scene images provided by Virtual. (Compl., ¶ 15).

In light of the foregoing, Virtual commenced the instant cause of action in January 2011.

Virtual's Complaint alleges two claims against Couristan: (1) copyright infringement, and (2) breach of contract. This Court's jurisdiction over Virtual's Complaint is premised on 28 U.S.C. §§ 1331, 1367 and 1332. Defendant Couristan filed a motion to dismiss Plaintiff's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 21, 2011.

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## ANALYSIS

Couristan seeks dismissal of Virtual's breach of contract claim on the basis that it is preempted by federal copyright law. In particular, Couristan argues that "[b]ecause the rights asserted in Virtual's breach of contract claim are equivalent to rights protected under federal copyright law, Virtual's breach of contract claim is preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301." (Def. Br. at 5). Plaintiff, on the other hand, maintains that: (1) Plaintiff is

asserting contractual rights "outside of and different" from those implicated in its copyright claim, and (2) in any event, dismissal of this claim on the basis of federal preemption would be premature.

Under the Copyright Act, 17 U.S.C. § 301,

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). Thus, generally speaking, state-law claims are preempted by the Act if two conditions are satisfied:

> (1) the subject matter of the work which gives rise to the state law claim falls within the subject matter of the copyright laws as set forth in sections 102 and 103 of the Act; and
>
> (2) the state law creates or seeks to vindicate rights which are "equivalent to" any of the exclusive rights granted to a copyright holder under section 106 of the Act.

Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 563 (D.N.J. 2002) (citations omitted); see also SBK Catalogue P'ship v. Orion Pictures Corp., 723 F. Supp. 1053, 1066 (D.N.J. 1989) (citations omitted).

The Third Circuit has applied the "extra element" test in determining whether a state-law claim is equivalent to a right provided by the Act, and is thus preempted. See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 217 (3d Cir. 2002). In Dun & Bradstreet Software Servs., Inc., the Third Circuit referred to a decision by the First Circuit, indicating that:

4

> if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action.

Id. (quoting Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994)). Nevertheless, the Third Circuit recognized that "[n]ot every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law." Id. at 218 (citation omitted). For example, the Court went on to explain that:

> A state law misappropriation of trade secrets claim that requires a proof of breach of duty of trust or confidence to the plaintiff through the improper disclosure of confidential materials is qualitatively different because it is not an element of copyright infringement. The breach of duty of trust represents unfair competitive conduct 'qualitatively different from mere unauthorized copying.' Thus, it has been held that trade secrets claim based upon a breach of duty provides the extra element avoiding preemption.

Id. (citations omitted). Having carefully considered the parties arguments on this issue, and based on the reasons that follow, the Court agrees with Plaintiff that dismissal of its breach of contract claim on the basis that it is preempted by federal copyright law would be premature at this time.

As a preliminary matter, the parties are in agreement that Plaintiff's breach of contract claim is preempted unless it includes an extra element that makes it qualitatively different from its copyright infringement claim. See generally Dun & Bradstreet Software Servs., Inc., 307 F.3d at 217-218. In this case, Virtual's breach of contract claim asserts that Couristan breached its contractual obligations by using Virtual's products beyond the terms of use agreed upon by the parties. (Compl., ¶ 26). The theory underlying this claim, as alleged in the Complaint, is twofold: (1) Couristan used Virtual's products beyond the one-year period provided for in the "Terms and

Conditions" (Compl., ¶¶ 9, 10), and (2) in or around 2009, Couristan began using Virtual's products in a manner that was not authorized by the parties agreement (by superimposing its own images onto the room scene images provided by Virtual) (Compl., ¶ 15). Virtual's copyright infringement claim is based upon the copyright allegedly obtained by Virtual for each of the room scene images it provided Couristan (for its limited use under the parties agreement). (Compl., ¶ 17). The theory underlying Virtual's copyright infringement claim is that Couristan's acts of copying, using, disseminating and/or digitally manipulating Virtual's copyrighted images constitute copyright infringement. (Compl., ¶ 21).

Although the Court agrees that there appears to be some overlap among the claims, none of the cases cited to by Defendant in its moving brief resulted in dismissal of a breach of contract claim on the basis of copyright preemption at the motion to dismiss stage.[1] To the contrary, cases cited in Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 566 (D.N.J. 2002), a case relied upon by Defendant, confirm the reluctance by several courts of appeals to dismiss breach of contract claims on the basis of copyright preemption. See, e.g., Nat'l Car Rental

---

[1] In its reply brief, Defendant cites to several reported and unreported decisions (by courts outside of this district) which are not binding on this Court to demonstrate that courts have been willing to dismiss breach of contract claims at the motion to dismiss stage on the basis of copyright preemption. See, e.g., Canal+Imaging UK ltd v. Lutvak, 2011 WL 1158439, at *21 (S.D.N.Y. March 29, 2011); Jacobsen v. Katzer, 609 F. Supp 2d 925, 933 (N.D. Cal. 2009). As a general matter, the Court notes that these cases were not cited to in Defendant's moving brief; therefore, Plaintiff was not given the opportunity to properly respond to Defendant's arguments related thereto. Recognizing Defendant's argument, this Court nevertheless finds it more appropriate, in the context of this particular case, to defer its ruling on whether Plaintiff's breach of contract claim contains an extra element "sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law" until the record in this matter has been more fully developed. Various decisions cited to by Defendant support this approach. See, e.g., Mortgage Mkt Guide, LLC v. Freeman Report, LLC, No. 06-140, 2008 WL 2991570, at *37-40 (D.N.J. July 28, 2008) (finding breach of contract claim preempted by the Copyright Act after conducting 15 day bench trial).

Sys., Inc. v. Computer Assocs. Int'l, Inc., 991 F.2d 426, 431-32 (8th Cir.), cert. denied, 510 U.S. 861, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993) (concluding that "the contractual restriction on use of the programs constitutes an additional element making this cause of action not equivalent to a copyright action"); Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1501 (5th Cir.1990) ("This action for breach of contract involves an element in addition to mere reproduction, distribution or display: the contract promise made by Taquino, therefore, it is not preempted".). Although the Third Circuit has not directly spoken on this issue, it has suggested that, in making the ultimate determination of whether a state law claim is preempted by federal copyright law, courts are to engage in a qualitative analysis. See Dun & Bradstreet Software Servs., Inc., 307 F.3d at 217-218 (discussing the "extra element" test and noting that "not every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law."). The Court, therefore, finds that it will be in a far better position to make such a qualitative assessment once the record in this matter has been more fully developed. See, e.g., Mortgage Mkt Guide, LLC v. Freeman Report, LLC, No. 06-140, 2008 WL 2991570, at *37-40 (D.N.J. July 28, 2008) (finding breach of contract claim preempted by the Copyright Act after conducting 15 day bench trial and recognizing that "the question of whether breach of contract actions are preempted by § 301 of the Copyright Act is unsettled. Indeed, most courts to examine this issue have found that the Copyright Act does not preempt contractual constraints on copyrighted articles."). Thus, for all of the reasons stated herein, the Court will deny Defendant's motion to dismiss Plaintiff's breach of contract claim on the basis of copyright preemption without prejudice.

## **CONCLUSION**

Based on the reasons set forth above, Defendant's motion to dismiss Plaintiff's breach of contract claim is denied without prejudice.

An appropriate Order accompanies this Opinion.


DATED: May 16, 2011                                  /s/ Jose L. Linares
                                                     United States District Judge