UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------- x
VIRTUAL STUDIOS, INC.

         Plaintiff,

      v.

COURISTAN, INC.

         Defendant.
---------------------------------------------------------- x

CIV. ACTION No. 11-00427-JLL-CCC

**COURISTAN'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant COURISTAN, INC. ("Couristan"), by and through its attorneys, Foley & Lardner, LLP and Rabinowitz, Lubetkin & Tully, L.L.C., hereby submits its Answer and Affirmative Defenses to Plaintiff Virtual Studios, Inc.'s ("Plaintiff" or "Virtual") Complaint as follows:

## JURISDICTION

1.     Couristan admits that this Complaint is an action for copyright infringement under the Copyright Act, 17 U.S.C. §101, *et seq*. While Couristan does not contest subject matter jurisdiction, the allegations of Paragraph 1 of the Complaint relating to jurisdiction are legal conclusions to which no answer is required or made.

## VENUE

2.     While Couristan does not contest venue, the allegations of Paragraph 2 of the Complaint are legal conclusions to which no answer is required or made.

NYC_1117195.3

## FACTS COMMON TO ALL COUNTS

3. Couristan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore, denies them.

4. Couristan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore, denies them.

5. Couristan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore, denies them.

6. Couristan admits the allegations of Paragraph 6 of the Complaint.

7. Couristan admits the allegations of Paragraph 7 of the Complaint, except denies that samples of its products were always sent to Virtual to be photographed and avers that, at times, Couristan sent digital images of its products to Virtual, which Virtual then inserted into the room scene images.

8. Couristan denies the allegations of Paragraph 8 of the Complaint.

9. Couristan denies the allegations of Paragraph 9 of the Complaint, except Couristan admits that the quoted language speaks for itself and that said language was included on the reverse side of some but not all invoices, which were typically transmitted to Couristan well after Couristan had already received and begun to use the room scene images in question.

10. Couristan denies the allegations of Paragraph 10 of the Complaint.

11. Couristan denies the allegations of Paragraph 11 of the Complaint.

12. Couristan admits the allegations of Paragraph 12 of the Complaint.

13. Couristan denies the allegations of Paragraph 13 of the Complaint, except admits that Couristan continued to use some images for periods exceeding one year.

14. Couristan denies the allegations of Paragraph 14 of the Complaint, except admits that pursuant to the terms of the agreement between Couristan and Virtual, Couristan had the non-exclusive right to use the images for purposes of advertising, sales and marketing for so long as the carpets displayed in the images were offered for sale by Couristan and no compensation was due to Virtual beyond the invoiced purchase price paid by Couristan.

15. Couristan denies the allegations of Paragraph 15 of the Complaint.

## COUNT I

### Copyright Infringement Under 17 U.S.C. §§ 501, *et. seq.*

16. Couristan restates and realleges Paragraphs 1 through 15 of its Answer as if fully set forth herein.

17. Couristan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore, denies them.

18. Couristan denies the allegations of Paragraph 18 of the Complaint.

19. Couristan denies that Virtual provided it with 144 original room scenes, and notes that Virtual's Complaint counts multiples copies of the same scene as distinct "originals" provided to Couristan.  Couristan admits that Virtual provided Couristan with some of the listed original room scenes, and otherwise denies the allegations of Paragraph 19 of the Complaint.

20. Couristan admits that Virtual created some of the room scenes listed in Paragraph 20 of the Complaint at Couristan's request but denies that it used each of these images and avers that many of the listed images reflect rejected initial drafts submitted by Virtual and altered at Couristan's request until Virtual produced, and Couristan approved, a final version of the image.

21. Couristan admits that it used, copied, disseminated and continues to use, copy and disseminate some of the room scene images Couristan purchased from Virtual pursuant to the agreement between Couristan and Virtual whereby Couristan had the non-exclusive right to use the images for purposes of advertising, sales and marketing for so long as the carpets displayed in the images were offered for sale by Couristan and no compensation was due to Virtual beyond the invoiced purchase price paid by Couristan, and denies the remaining allegations of Paragraph 21 of the Complaint.

22. Couristan admits that it received Virtual's notice about Couristan's purported infringement of Virtual's copyrights on or about January 13, 2009, long after it stopped doing business with Virtual, but denies that it has infringed or continues to infringe any of Virtual's copyrights because under the terms of the agreement between Couristan and Virtual, Couristan had the non-exclusive right to use the images for purposes of advertising, sales and marketing for so long as the carpets displayed in the images were offered for sale by Couristan and no compensation was due to Virtual beyond the invoiced purchase price paid by Couristan.

23. Couristan denies the allegations of Paragraph 23 of the Complaint.

24. Couristan denies the allegations of Paragraph 24 of the Complaint.

## COUNT II

### Breach of Contract

25. Couristan restates and realleges Paragraphs 1 through 24 of its Answer as if fully set forth herein.

26. Couristan denies the allegations of Paragraph 26 of the Complaint.

27. Couristan denies the allegations of Paragraph 27 of the Complaint.

28. Couristan denies the allegations of Paragraph 28 of the Complaint.

NYC_1117195.3

## PRAYERS FOR RELIEF

Couristan expressly denies that Virtual is entitled to any of the relief requested in Virtual's Prayers for Relief.

## COURISTAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

Virtual's claims are barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS

Virtual's claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE: PREEMPTION

Virtual's breach of contract claim asserted in Count II is expressly preempted by the Federal Copyright Act, § 301 et seq.

### FORTH AFFIRMATIVE DEFENSE: ESTOPPEL

Virtual's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE: LACHES

Virtual's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE: WAIVER

Virtual's claims are barred by the doctrine of waiver.

NYC_1117195.3

**SEVENTH AFFIRMATIVE DEFENSE: ACQUIESCENCE**

Virtual's claims are barred by the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE**

Without any admission by Couristan that Virtual suffered injury in any way, to the extent that Virtual did suffer such injury, its claims are barred, in whole or in part, because Virtual failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE: NO DAMAGES**

Virtual's claims fail, in whole or in part, to the extent Virtual has suffered no damages.

**TENTH AFFIRMATIVE DEFENSE: STATUTORY DAMAGES AND ATTORNEY'S FEES**

Virtual is not entitled to statutory damages or attorney's fees.

**ELEVENTH AFFIRMATIVE DEFENSE: OTHER AFFIRMATIVE DEFENSES BASED ON LATER DISCOVERED EVIDENCE**

Couristan presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Couristan reserves the right to assert additional affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure or any other defenses, in law or in equity, that may exist or in the future be available based on the discovery and further factual investigation in this case.

**WHEREFORE**, Couristan prays for entry of judgment:

NYC_1117195.3

A. That Virtual's Complaint be dismissed in its entirety, and that Virtual take nothing thereby;

B. That Couristan be awarded its costs incurred herein;

C. That Couristan be awarded its attorney's fees pursuant to 17 U.S.C. § 505; and

D. For such other and further relief as the Court determines to be reasonable and just.

Dated: June 2, 2011

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, L.L.C.

By: /s/ Jay L. Lubetkin
Jay L. Lubetkin
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
Telephone: (973) 597 9100
Facsimile: (973) 597 9119
*Local Counsel for Defendant* COURISTAN, INC.

FOLEY & LARDNER LLP

By: /s/ Robert S. Weisbein
Robert S. Weisbein (*pro hac vice*)
Akiva M. Cohen (*pro hac vice*)
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
*Counsel for Defendant* COURISTAN, INC.

NYC_1117195.3

## CERTIFICATE OF SERVICE

I, Robert S. Weisbein, hereby certify that on June 2, 2011, I caused a true and complete copy of the foregoing DEFENDANT COURISTAN'S ANSWER AND AFFIRMATIVE DEFENSES to be served via the Court's CM/ECF system upon the following:

>Frank E. Catalina, Esq.
>Margulies Wind, PA
>Harborside Financial Center
>Plaza 10, 3 Second Street,
>Suite 1201
>Jersey City, New Jersey 07311-3988
>fec@MWHLawfirm.com
>*Attorneys for Plaintiff*

>/s/ Robert S. Weisbein
>Robert S. Weisbein

NYC_1117195.3