# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRTUAL STUDIOS, INC.,<br>            Plaintiff,<br><br>vs.<br><br>COURISTAN, INC.,<br>            Defendant. | Civ. Action No. 11-00427-SLL-CCC<br><br>**JOINT DISCOVERY PLAN** |

1.    Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

This matter is an action for copyright infringement and breach of contract. Plaintiff, Virtual Studios, Inc., creates room scenes into which it places images of its customers' products. Defendant, Couristan, Inc., is a leading designer, producer and importer of high quality floor coverings. In or about 2002, Virtual Studios offered to provide Couristan with room scene images that included Couristan's carpet designs. Between 2002 and 2007 Couristan purchased from Virtual Studios a number of room scene images that incorporated Couristan's carpet designs, which Couristan used on sales, merchandising and promotional materials.

Virtual Studios contends that Couristan's license to the room scenes it purchased from Virtual Studios was for only a one year term, and that Couristan used, copied, disseminated and altered certain of those room scene images without Virtual Studios' authorization and beyond the terms of its license. Plaintiff's position is that this alleged conduct infringed its copyright in the room scene images, infringed its exclusive right to make derivative products from its copyrighted images, and also constituted a separate breach of contract.

Couristan contends that its license allowed it to use the room scenes in perpetuity, that Virtual Studios never asserted any right to "renewal payments" until after Couristan stopped using Virtual Studios as its vendor for room scene images, and that Couristan has not, itself or through any third party, altered or manipulated the room scenes it obtained from Virtual Studios. Couristan has asserted affirmative defenses including failure to state a claim, the statute of limitations, copyright preemption, estoppel, laches, waiver, acquiescence, failure to mitigate, lack of damages, and lack of entitlement to statutory damages or attorneys' fees.

2.    Have settlement discussions taken place? Yes __ No __X__

1

If so, when?

    (a)    What was plaintiff's last demand?  N/A.

    (b)    What was defendant's last offer?  N/A.

3. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).

4. Describe any discovery conducted other than the above disclosures.

None to date.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

Defendant may seek to make a dispositive motion addressed to plaintiff's entitlement, as a matter of law, to statutory damages pursuant to §504 of the Copyright Act, prior to close of discovery.

6. The parties proposed the following:

    (a)    Discovery is needed on the following subjects:

Plaintiff: Defendant's use of copyrighted images, any alterations to such images not made or authorized by plaintiff, customers to whom defendant disseminated each image, all communications between the parties concerning the terms of their agreement(s), payments requested and made, identities of any entities or persons altering plaintiff's images, knowledge by or notice to defendant of breach of agreement and infringement of copyright.

Defendant: Copyright registration of the room scene images, identities of creators of the copyrighted works, the creation of the room scene images, negotiations, discussions and communications between Plaintiff and Defendant concerning the terms of the agreement to use the room scene images, the determination and computation of the license fee charged by Plaintiff for the use of the room scene images by Defendant and Plaintiff's other customers, Plaintiff's invoicing to Defendant for the manipulation and licensing of the room scene images, actual damages suffered by Plaintiff as a result of Defendant's purported copyright infringement and breach of contract, plaintiff's policy regarding renewal or extension of licenses, application of such policy to third parties and the license fees charged, litigation brought by Plaintiff for copyright infringement and breach of contract against third parties in connection with Plaintiff's room scene images and any settlements reached in connection therewith.

2

(b) Should discovery be conducted in phases? If so, explain.

Yes. Both parties believe that fact discovery should be completed before preparation of expert reports and discovery thereon.

(c) Number of Interrogatories by each party to each other party: 50.

(d) Number of Depositions to be taken by each party: 10, although Defendant reserves the right to seek additional depositions of other customers of Plaintiff to explore the issue of room scene license renewals and royalty rates charged for room scene image usage..

(e) Plaintiff's expert report due on January 23, 2012.

(f) Defendant's expert report due on February 13, 2012.

(g) Motions to Amend or to Add Parties to be filed by October 13, 2011.

(h) Dispositive motions to be served within 45 days of completion of **fact** discovery.

(i) Factual discovery to be completed by December 31, 2011.

(j) Expert discovery to be completed by March 31, 2012.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

A joint protective order will be submitted by the parties.

(l) A pretrial conference may take place on: Date to be set by the Court

(m) Trial by jury or non-jury Trial?    Non-jury

(n) Trial date:   Date to be set by the Court

7. Do you anticipate any discovery problem(s)? Yes __X__ No ___ If so, explain.
Plaintiff may object to defendant's request for discovery as to contract terms and enforcement with other customers of Plaintiff on grounds of relevance or as unduly burdensome.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No ___

Defendant intends to videotape depositions taken. Defendant may wish to take depositions of certain non-parties by telephone.

3

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

Yes. Both parties believe the case could benefit from mediation.

10. Is this case appropriate for bifurcation? Yes _____ No __X__.

11. We do not consent to the Trial being conducted by a Magistrate Judge.

MARGULIES WIND
A professional corporation
Harborside Plaza 10
3 Second Street, Suite 1201
Jersey City, New Jersey 07311-3988
Attorneys for Plaintiff

BY: FRANK E. CATALINA

FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Attorneys for Defendant

BY: ROBERT S. WEISBEIN, ESQ.

4