**■FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

October 11, 2011

WRITER'S DIRECT LINE
212.338.3528
rweisbein@foley.com EMAIL

CLIENT/MATTER NUMBER
092958-6007

**VIA ELECTRONIC FILING**

Magistrate Judge Michael A. Hammer
Martin Luther King, Jr. Federal Building &
  U.S. Courthouse
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

Re: *Virtual Studios, Inc. v. Couristan, Inc.*, Case No. 11-cv-00427-JLL-MAH

Dear Magistrate Judge Hammer:

We are counsel to Defendant Couristan, Inc. ("Couristan") in the above captioned matter, and in accordance with the Court's rules we write to seek leave to move to compel Plaintiff Virtual Studios, Inc. ("Virtual") to respond to Couristan's document requests and interrogatories, without objections.

As the Court is aware from the Preliminary Conference held in September, on July 26, 2011, Couristan served document requests and interrogatories on Virtual, to which responses were due on or before August 29. Although Virtual served its own discovery requests on August 31 (just two days after its responses were due), it simply ignored Couristan's requests, neither responding to them nor reaching out to us for an extension of time to respond. It was only nine days later, when <u>we</u> reached out to Virtual's counsel seeking an explanation for its failure to respond, that Virtual's counsel informed us that he had had a medical issue (albeit one that did not prevent the drafting and service of Virtual's discovery requests to Couristan) and would need additional time to respond.

As a courtesy, we granted Virtual's counsel an extra 30 days (through and including September 28, 2011) to respond, essentially doubling Plaintiff's time to prepare interrogatory responses and to gather and produce documents that, as the plaintiff in this action, it ought to have had in hand when it filed the Complaint (and certainly by August 1, 2011, when Virtual belatedly made its initial disclosures). Yet again, however, Virtual simply ignored the deadline for its discovery responses. Yet again, <u>we</u> had to chase down Virtual's counsel looking for an explanation, calling him on Tuesday, October 4, and yet again Virtual's counsel informed us he would need an extension of time, proposing to deliver Virtual's written responses by October 7 and its documents by October 11. Given that the ongoing delay was prejudicing Couristan – among other things, the deadline for amending pleadings, November 1, is now only weeks away, and Couristan's mediation brief is due even sooner, on October 26, with the mediation to take place on November 9 – we informed Mr. Catalina that we could only agree to his proposed extension if his client would enter into a So-Ordered stipulation requiring responses by the dates

BOSTON           JACKSONVILLE    MILWAUKEE      SAN DIEGO           SILICON VALLEY
BRUSSELS         LOS ANGELES     NEW YORK       SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO          MADISON         ORLANDO        SAN FRANCISCO       TAMPA
DETROIT          MIAMI           SACRAMENTO     SHANGHAI            TOKYO
                                                                    WASHINGTON, D.C.

NYC_1240290.1


FOLEY & LARDNER LLP

Frank E. Catalina, Esq.
October 11, 2011
Page 2

he proposed.  Mr. Catalina replied that he would discuss the suggestion with his client and call us back with his answer the next day.

    Unsurprisingly, Mr. Catalina did not call us on Wednesday.  By mid-afternoon, having received no word from him, we reached out to Virtual's counsel and left a message on his voicemail, asking that he inform us as soon as possible of his client's position.  Mr. Catalina replied by e-mail at 4:15 p.m., saying that he had not been able to reach his client by phone or by e-mail, and that his "inclination" was that he would provide written responses by Friday the seventh and documents by Tuesday the eleventh, but that he could not agree to having his "hands tied by consenting to a court order."

    Given the fact that Mr. Catalina had not been in communication with his client, and that he was obviously uncertain that he could live up to the new deadlines he was proposing (hence his reluctance to "tie his hands"), we immediately rejected his request for an extension without a Court order.  By e-mail sent at 5:20 p.m. that same day, we informed Mr. Catalina that unless he agreed to enter into a So-Odered stipulation requiring production by the dates he suggested, we would move to compel production, including asserting that, by failing to timely respond to Couristan's discovery requests, Virtual had waived its right to assert objections to those requests.

    Since that e-mail, we have, yet again, heard nothing further from Virtual's counsel.  Needless to say, October seventh has come and gone without Virtual's promised written responses.  We highly doubt Virtual will produce documents today.

    Couristan has been extremely patient and courteous, and has more than met its obligations under Local Rule 37.1(a) to meet and confer in an attempt to resolve this matter, all to no avail.  Couristan was and is entitled to answers to its discovery requests, and Virtual's refusal to timely provide them has prejudiced Couristan's efforts to <u>defend</u> this action in which <u>Virtual</u> is the plaintiff.  Couristan is entitled to an order compelling Virtual to respond to Couristan's discovery requests without objection, and should be granted leave to make a motion seeking such an order.

    As your Honor is aware from Couristan's presentation of the facts at the initial conference, Couristan believes that Virtual's claims are entirely without merit.  Those claims are causing Couristan to operate with a cloud over its head and to spend inordinate amounts of time, money and energy to defend itself from Virtual's bogus claims.  Virtual's foot-dragging must

NYC_1240290.1



Frank E. Catalina, Esq.
October 11, 2011
Page 3

stop, and this action must proceed in a timely manner.  We look forward to the Court's assistance.

                                                Respectfully submitted,

                                                /s/ Robert S. Weisbein

                                                Robert S. Weisbein