

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3528
rweisbein@foley.com EMAIL

CLIENT/MATTER NUMBER
092958-6007

March 19, 2012

<span style="text-decoration: underline">**VIA ECF**</span>
<span style="text-decoration: underline">**COURTESY COPY VIA FEDEX**</span>

Magistrate Judge Michael A. Hammer
Martin Luther King, Jr. Federal Building &
  U.S. Courthouse
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Virtual Studios, Inc. v. Couristan, Inc., Case No. 11-cv-00427-JLL-MAH*

Dear Magistrate Judge Hammer:

      We are counsel for defendant Couristan, Inc. in connection with the above-referenced copyright infringement litigation brought by Virtual Studios, Inc.

      We regret that we must again involve the Court in a discovery dispute, but given Virtual's repeated failure to comply with its discovery obligations in a timely and complete manner, we are left with no choice.  This most recent incident involves Virtual's failure to produce documents requested during the deposition of Virtual's president, Thomas Sucher.  After the deposition we wrote to Virtual's counsel and identified the documents that were requested at the deposition.  Indeed, the Court will recall that during the Court telephone status conference on Friday, March 9, this issue was raised and Virtual's counsel, Frank Catalina, represented to the Court that Virtual had agreed to produce the documents and that they would be produced "in a few days."  The Court set a control date of March 16 for the documents to be produced.  (See March 9, 2012 Order, Dkt # 44.)  Virtual has, again, simply ignored this Court's direction, and no documents have been produced.

      Virtual's failure to produce the supplemental documents on March 16 pursuant to this Court's Order is illustrative of Virtual's laissez-faire attitude toward prosecuting this case.  In fact, Virtual's failure to produce documents on or before the 16th was not even its only instance of delinquent behavior last week.  As Your Honor will recall, at the end of the March 9 status conference it was agreed that a settlement conference would be held with the Court the week of April 30.  At Mr. Margulies' urging, so as to insure that the parties secured a date with the Court, counsel were to immediately check with their respective clients as to their availability.

BOSTON            JACKSONVILLE      MILWAUKEE         SAN DIEGO          SILICON VALLEY
BRUSSELS          LOS ANGELES       NEW YORK          SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO           MADISON           ORLANDO           SAN FRANCISCO      TAMPA
DETROIT           MIAMI             SACRAMENTO        SHANGHAI           TOKYO
                                                                        WASHINGTON, D.C.

4825-5769-7807.1



FOLEY & LARDNER LLP

Magistrate Judge Michael A. Hammer
March 19, 2012
Page 2


Mr. Margulies was to then inform the Court of the date for the settlement conference.  The undersigned immediately contacted Couristan and by the afternoon of the 9th provided availability dates to Mr. Margulies and asked that he immediately contact the Court to book a date.  Not having heard back from Mr. Margulies, I sent him follow-up emails on Monday, March 12, Thursday, March 15, and finally called his office on Friday, March 16.  In speaking with Mr. Margulies' assistant, Marie Fisher, I learned that no such call had been made and that based on her call with the Court earlier that morning, the first available conference date was now May 23.  Virtual's counsel's failure to timely contact the Court is inexplicable.

Since the commencement of discovery in July of 2011, Virtual and/or its counsel have demonstrated an inattentiveness that has permeated all aspects of the handling of this case, which has unquestionably increased Couristan's costs of defending this frivolous action.  Set forth below is a nonexhaustive list of just some of the instances were Virtual has failed to timely or properly take action:

1.  Failure to timely serve initial disclosures on a date agreed upon by counsel. Virtual's disclosures were served 13 days late.

2.  Failure to timely respond to Couristan's initial discovery requests.  Virtual's counsel blamed his failure to respond on illness yet he found the time to serve discovery requests on behalf of Virtual during the same time period in which he was "too sick to respond" to Couristan's discovery.  The result was a 51 day extension of time to respond to discovery.

3.  Failure to fully and properly respond to Couristan's discovery requests notwithstanding that extension.  Virtual did not produce any electronic discovery and refused to produce documents concerning key issues in the case such as discovery regarding renewal fees charged by Virtual to its other customers.  Also, with respect to the little paper discovery that was produced, the documents were not Bates stamped making it difficult to keep track of and make reference to Virtual's documents during discovery.  As a result of Couristan's complaints Virtual eventually Bates stamped its production documents and re-produced them. Given the numerous deficiencies in Virtual's response, Couristan had to write a detailed deficiency letter to Virtual's counsel, hold a meet and confer and then move to compel, a motion largely granted by the Court, which ordered Virtual to produce ESI.

4.  Failure to timely respond to Couristan's detailed discovery deficiency letters for both its initial responses and ESI production, causing the undersigned to have to repeatedly follow up.

5.  Failure to timely confirm deposition dates for Mr. Sucher and Mr. Mahurter proposed by Couristan's counsel, which resulted in the undersigned agreeing to

4825-5769-7807.1



FOLEY & LARDNER LLP

Magistrate Judge Michael A. Hammer
March 19, 2012
Page 3

depositions in another case and then having to scramble to come up with new and different, mutually convenient dates for depositions in this action that were sufficiently in advance of the close of fact discovery.

6.  Failure to provide a written explanation concerning Virtual's fabrication of evidence, namely, invoices purportedly sent to Couristan for services rendered by Virtual. Although Virtual's counsel provided a verbal explanation as to how the bogus invoices were created and produced and has also agreed not to rely on them as evidence in the case, no formal written explanation has been provided notwithstanding Couristan's repeated requests for such a writing and Mr. Margulies' promises to provide one.

7.  Seeking further extensive document discovery from Couristan on the eve of the close of fact discovery, which discovery could have been sought moths ago. Virtual offered no reason for the delay. Granting the discovery will needlessly delay the close of fact discovery as well as unduly burden Couristan. This discovery dispute is before the Court and will be more fully briefed in the joint March 28 letter to be submitted by the parties.

8.  Virtual's disclosure of attorney/client communications because it failed to take any reasonable precautions to prevent the disclosure of those communications, as admitted by Mr. Margulies during the March 9 status conference when he offered up a mea culpa as his explanation. Couristan's motion to compel the production of these documents is also before the Court and will be more fully briefed in the joint March 28 letter to be submitted by the parties.

9.  The unavailability of Virtual's counsel to participate in a meet and confer to discuss the issues to be briefed in the upcoming March 28 joint letter until Wednesday, March 21. Couristan sought to have the meet and confer on Monday, March 12 only to learn that both Messers. Margulies and Catalina would not be available that entire week. Couristan therefore agreed to hold the meet and confer today in order to give the parties sufficient time to draft the joint March 28 letter. This morning the undersigned received an email from Ms. Fisher advising that "The conference call scheduled for this morning at 10:00 a.m. must be put off until Wednesday."



FOLEY & LARDNER LLP

Magistrate Judge Michael A. Hammer
March 19, 2012
Page 4


It has been incredibly frustrating to defend this case given the lackadaisical manner in which Virtual has prosecuted it. It has also significantly driven up the defense costs. Couristan therefore requests that Virtual be held accountable, that it be granted no further extensions of time, and that it be sanctioned for its misconduct in the amount of legal fees that Couristan has had to expend to bring this matter to the Court's attention.

Respectfully yours,

Robert S. Weisbein

cc:  Robert Margulies, Esq. (via email)
     Frank Catalina, Esq (via email)
     Jay Lubetkin, Esq. (via email)