LAW OFFICES

# MARGULIES WIND

A PROFESSIONAL CORPORATION

HARBORSIDE FINANCIAL CENTER
PLAZA 10, SUITE 1201
3 SECOND STREET
JERSEY CITY, NEW JERSEY 07311-3988

(201) 333-0400
www.margulieswind.com
FAX (201) 333-1110

ROBERT E. MARGULIES ✪♦✱✧
JACK JAY WIND
PAUL M. TSCHIRHART ⊕
JEFFREY R. KIVETZ ✪
GERARD D. PIZZILLO ✪
✪ Also member New York Bar
♦ Also member Massachusetts Bar
⊕ Also member District of Columbia Bar
⊕ Also member Florida Bar
✱ Rule 1:40 qualified Mediator
✧ Certified Civil Trial Lawyer
✧CEDR Accredited Mediator

MAURICE C. BRIGADIER
(1902-1991)

Of Counsel
SEYMOUR MARGULIES ✪♦⊕⊕
HAROLD I. BRAFF ✪✱✧
FRANK E. CATALINA

June 20, 2012

Magistrate Judge Michael A. Hammer
Martin Luther King, Jr. Federal Building & U.S. Courthouse
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

      Re:    Virtual Studios, Inc. v. Couristan, Inc.
             Civil Action No. 11-cv-00427-JLL-MAH
             Our File No. RQ13285

Dear Magistrate Judge Hammer,

      Our office represents plaintiff, Virtual Studios, in the above matter. As you may recall, the discovery process encountered some bumps in the road which required your assistance and intervention. After a March 9, 2012 conference, your Honor issued an order, dated that day, setting up a meet and confer on various outstanding discovery issues, including the requested production by defendant of a chart it had produced indicating which room scenes of plaintiff's had been utilized for more than one year, and also involving the effects of the inadvertent disclosure by plaintiff of some materials implicated by attorney-client privilege.

      The March 9 order required the parties to submit to the court, by March 28, after the meet and confer, a joint letter indicating which issues were resolved and which the parties wished to submit to your Honor for resolution. Happily, most issues were resolved, with the exception of the attorney-client matters, which are still under consideration.

      Paragraph 5 of the order read as follows:

**Fact discovery is hereby extended to April 16, 2012. The Court will revisit this issue and the anticipated extension of deadlines for expert reports and expert discovery upon review of the March 28, 2012 joint letter.**

Subsequently, as directed by the Court, a settlement conference was scheduled for July 17, 2012 before your Honor and the parties agreed that Tom Sucher, Virtual's principal, would be deposed with regard to material produced after his original deposition, at defendant's counsel's New York office, on July 16.

We now require your assistance with regard to two matters. The first is that the Court has not, as yet, revisited the issue of the extension of deadlines for expert's reports and expert discovery, as referenced in the cited language in the order above. We have retained an expert but are unclear with regard to what the new deadline would be for the submission of his report.

The second issue is related, in some way, to the first. At the advice of our expert, we have come to conclude that it would be necessary to obtain from the defendant information regarding the income derived by defendant from selling products promoted by the use of Virtual's copyrighted images. Accordingly, on May 9 ,2012, we served Defendant with some 8 supplemental interrogatories. Defendant, at around the same time, served us with a supplemental interrogatory and demands for admissions. The latter have been responded to and the additional interrogatory will be answered within a day or two.

After waiting approximately a month until June 11, rather than notifying us immediately of its position, defendant responded to our interrogatories by refusing to answer any of them upon the ground that they exceed the number of interrogatories (25) provided for in the Court's original scheduling order.

We request of the Court leave to serve these few additional interrogatories on the ground that the answers thereto are vital to the prosecution of plaintiff's case and their need could not have been known to exist before very recently.

The interrogatories deal with two things. The first is, as mentioned above, the amount of income derived from the sale of products promoted by Virtual's room scenes. After conferring with our expert, we believe that one measure o the damages plaintiff is entitled to consists of a portion of those earnings. Our expert cannot complete a full report without that information.

The second issue dealt with in the interrogatories is the meaning of various terms contained in the chart provided by Couristan summarizing its use of Virtual's images. Your Honor may recall that Couristan agreed to produce this chart, but only subject to a stipulation and order which your Honor entered on April 11, 2012.

The chart, although informative, is not self-explanatory. Some phrases used therein require explanation or definition. Rather than asking for a new round of depositions, plaintiff thought it reasonable and economical simply to seek the explanation of ambiguous terms in additional interrogatories.

      With respect to the above issue, we request the assistance of the Court so they may be resolved before our July 17 settlement conference.

      Thank you for your expected assistance.

Respectfully,

*/s/ Frank E. Catalina*

Frank E. Catalina

FEC:mf

cc:   Robert Weisbein, Esq.
       Britton Payne, Esq.