ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3528
rweisbein@foley.com EMAIL

CLIENT/MATTER NUMBER
092958-6007

September 13, 2012

**VIA ECF**
**COURTESY COPY VIA FEDEX**

Magistrate Judge Michael A. Hammer
Martin Luther King, Jr. Federal Building &
  U.S. Courthouse
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Virtual Studios, Inc. v. Couristan, Inc., Case No. 11-cv-00427-JLL-MAH*

Dear Magistrate Judge Hammer:

      We write to apprise the Court of developments since the Court's July 31, 2012 order directing the parties to meet and confer with respect to their discovery dispute regarding Plaintiff ("Virtual")'s belated attempt to seek discovery of Couristan's profits and amend its damages theory to seek an accounting. As the Court is aware, Couristan's position is that Virtual's amendment is far too late to be effective, and that Couristan should not continue to be burdened by the added costs of Virtual's chosen counsel's admitted unfamiliarity with applicable law and admitted inattention to detail. Virtual's position is that, even though fact discovery has closed, it would neither prejudice nor cause undue burden to Couristan if Virtual amended its damages theory and the parties now took discovery relating thereto, and that, consequently, discovery should be reopened with respect to that damages theory.

      In accordance with the Court's July 31, 2012 order, we conferred with our client and on August 31 have reached out to Virtual's counsel to see if an accommodation could be reached. Though we believe a ruling on the merits would entitle Couristan to an award of costs and to the exclusion of Virtual's new profits damages theory from the case, we offered to meet Virtual halfway by allowing the discovery to go forward and for Virtual to present its profits damages theory at trial, so long as Virtual would pay for the expenses Couristan already has incurred and would continue to incur in connection therewith. By e-mail dated September 4, 2012, Virtual's

Magistrate Judge Michael A. Hammer
September 13, 2012
Page 2 of 2

counsel rejected that proposal out of hand.  By reply e-mail that same day, we asked if Virtual had a compromise proposal of its own to suggest.

Having not received a response to that question, by e-mail dated September 10, 2012, we then offered to forego our planned request for costs if Virtual would withdraw its claim for profits damages.  By e-mail dated September 12, 2012, Virtual rejected that proposal out of hand as well.  To this point, however, Virtual has not offered any compromise of its own.  Rather, it simply continued to insist that it be allowed to take profits discovery and amend its damages theory.

Respectfully, while we will of course do as the Court directs and plan to appear at the scheduled conference this coming Tuesday, it is difficult to see what use further attempts to meet and confer will be if Virtual's "compromise" position is that the discovery it seeks go forward at Couristan's cost and expense, and we would prefer to avoid wasting the Court's time (and incurring further expense to Couristan) by engaging in fruitless discussions.  Any guidance the Court could provide would be much appreciated.

                        Respectfully submitted,

                        /s/ Robert S. Weisbein
                        Robert S. Weisbein

cc:  Robert Margulies, Esq. (via ECF)
     Frank Catalina, Esq (via ECF)
     Jay Lubetkin, Esq. (via ECF)

4825-0323-3041.1